STATE OF NORTH CAROLINA v. JESSE LANE BROADWAY

No. 7220SC604

(Filed 20 September 1972)

Constitutional Law § 36— punishment within statutory limits — no cruel or unusual punishment
    When punishment does not exceed the limits fixed by statute it cannot be classified as cruel and unusual in a constitutional sense, unless the punishment provisions of the statute itself are unconstitutional; therefore, defendant in a prosecution for safecracking could not complain of a prison term for 15-25 years where such punishment was within statutory limits.

APPEAL by defendant from *Collier, Judge,* 27 March 1972 Session of Superior Court held in STANLY County.

Defendant was indicted for safecracking, a violation of G.S. 14-89.1. Represented by privately employed counsel, he pleaded guilty. Before accepting the plea, the trial judge examined defendant under oath concerning his understanding of the consequences of his plea and concerning his voluntary assent thereto, and defendant signed and swore to a written transcript of the plea. After this examination, the trial judge signed an order adjudging that defendant's plea of guilty was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency, and upon this adjudication the trial judge ordered that defendant's plea of guilty, the transcript thereof, and the court's adjudication be filed and recorded. Before imposing sentence, the court heard the testimony of a police officer, who testified that on the night of 4 July 1971 he had apprehended defendant and another man in a hardware store while they were engaged in the act of rifling through the contents of a safe which had been forced open with screwdrivers and crow bars and in which money, watches, and records had been stored. This officer testified that at the time of his arrest defendant and his companion were armed with pistols and that defendant had previously been convicted of felonious breaking and entering and felonious larceny, and that in 1960 defendant had escaped from the State prison.

Judgment was imposed sentencing defendant to prison for a term of not less than 15 nor more than 25 years. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. O'Connell for the State.*

*Brown, Brown & Brown by Charles P. Brown for defendant appellant.*

PARKER, Judge

Appellant's sole assignment of error is that the sentence imposed constituted cruel and unusual punishment prohibited by the Eighth Amendment of the Federal Constitution. In this there is no merit. Numerous decisions of our Supreme Court have established that when punishment does not exceed the limits fixed by statute it cannot be classified as cruel and unusual in a constitutional sense, unless the punishment pro-

---

visions of the statute itself are unconstitutional. *State v. Williams,* 279 N.C. 515, 184 S.E. 2d 282; *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216. The punishment imposed in the present case was within statutory limits. The record reveals no violation of any constitutional right of the defendant. In the judgment appealed from and in the proceedings leading thereto, we find

No error.

Judges VAUGHN and GRAHAM concur.